Johnson J.
delivered the opinion of the Court. — ■ The authority of the Court to require a non-resident plaintiff to give security for costs, is derived from the practice of Westminster Hall which our 81st rule of Court has adopted here. The mode of proceeding against the surety has been, Í believe, different in the different circuits. - In some instances X learn suits have been brought on the bond: and about the correctness of that mode of pi-oceeding no doubts are entertained. In others, as in this case, the defendant has proceeded by rule against the surety, and I am unable to perceive any well founded objection to this mode. The object of requiring a plaintiff to put in security for costs, is to have some one bound for them who is within the reach of the process of the Court; 1 Wilson, 130: Tidd’s prac. 477. For this purpose an order of the Court is obtained, requiring the plaintiff to put in security, and under this order the secuiity comes in andbinds himself to pay the costs, if the plaintiff shall fail to prosecute his suit with effect. By this act he becomes a party to the record, and is as effectually bound by the judgment of the Court as if he was a party to the suit. For what purpose then issue an original process against him ? He cannot call in question the judgment of the Court, nor will he be permitted to deny the factum of his obligation, if that too be a matter of record. The only ground upon which he can defend himself is that of satisfaction of the costs, and that can as well be done on a rule as in any other form. If that is aven-ed, an issue may be directed to try the fact, but until that is done, the Court cannot know that there is any matter of de-fence.
This view of the question is necessarily confined to those cases in which security is put in by order of the Court, and the obligation entered into before the Clerk, for it is in those cases only that the bond or other obligation can be considered as matter of record. In some cases a voluntary bond is entered into not in the presence of the Clerk, cither before the bringing of tlxe suit or at some intermediate stage, in anti *43 cipation that the defendant will require security for costs ; these are matter’s in pais and not of record, and if the defendant accept such a security, he must submit to the delay incident to an original ceeding.
There is, I believe, at present, no rule which regulates the form and manner of the obligation of the security for costs, and if the object is distinctly and clearly stated it is all that can be required, nor is it essential whether it expressed in terms the consent of the surety that execution shall issue against him for costs if the plaintiff fail in his suit, for that is the legal effect of his undertaking, whether it be indorsed on the record or be written on a separate paper. I am satisfied however, that the better practice is to indorse it on, or annex it to the record, which in Furnan v. Harman, 2 M’Cord, 443, was held to be sufficient, and that it should contain the express assent of the surety, that execution should issue against him. The rule prescribed in the case of the Commissioners of the Treasury v. McKee, 1 Nott & M’Cord, 577, in actions on bonds given by public officers to the Treasury, supplies an example. The first would be a great security against uncertainty as to the object, and the next as proper to apprize the surety of the nature of his undertaking, and that course is recommended for the future.

Motion dismissed.